13645

SESSIONS v. ATLANTIC COAST LINE R. CO.

(169 S. E., 543)

*Mr. L. E. Purdy,* for appellant,

*Messrs. Douglas McKay* and *Reynolds & Reynolds,* for respondent,

June 1, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought this action to recover of respondent damages for injuries which he alleges he received while coupling cars in the yard of the respondent at Sumter, S. C. His complaint alleges that the respondent is a corporation engaged in business as a common carrier of freight and passengers; that appellant was in its employ, his duties being, in part, to couple and uncouple freight cars in respondent's yard in the City of Sumter, S. C.; that while so engaged on the 27th day of December, 1929, he was injured under these circumstances: In order to couple or uncouple cars, a lever or rod is used; that in attempting to work this lever it resisted his efforts to raise it, necessitating the use of unusual force; the lever then came up suddenly, throwing appellant to the ground with such violence that a rupture was caused, which gave him great pain; that it was the duty of respond-

ent to furnish appellant a safe place to work and safe appliances with which to work; that it negligently and willfully failed to discharge this duty in not furnishing a suitable lever and not keeping it in proper working order and condition, and such negligence was the proximate cause of plaintiff's injuries.

For answer the defendant admitted the formal allegations of the complaint and denied all others. For further answer it set up the plea of assumption of risk.

The case went to the jury, which failed to agree after several hours deliberation. Thereupon the presiding Judge directed a verdict for the defendant on the ground that "there is no evidence to show that defendant did not exercise reasonable care to furnish safe appliances for the use of the plaintiff."

This appeal followed. The single exception is that there was evidence to show that the appliance was defective, and such defect was the proximate cause of plaintiff's injuries, and that it was the duty of respondent to know that such was the case, and its duty to keep such appliance in good order, which it negligently failed to do.

Both parties to the action agree that at the time of the occurrence complained of they were engaged in interstate commerce.

If the Safety Appliance Act of Congress (45 U. S. C. A. § 1 et seq.), applies to this case, it is manifest that the trial Judge erred in directing a verdict for respondent upon the ground upon which he predicates his action.

The pertinent provision of that Act is as follows: "It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." (Section 2, 45 U. S. C. A. § 2.)

In the case of *Lorick v. Railway*, 102 S. C., 276, 86 S. E., 675, Ann. Cas., 1917-D, 920, Mr. Justice Watts, for the Court, said: "It is conceded by both sides that plaintiff brought his case under the federal Employers' Liability Act, as it was shown clearly by the evidence that the car was to be taken from one state to another state, and was engaged in interstate commerce, at the time plaintiff was making repairs on it. *This being the case, the federal Safety Appliance Act also applies.*" (Italics added.)

In the case of *Steele v. Railroad Company*, 103 S. C., 102, 87 S. E., 639, 642, Mr. Justice Hydrick, for the Court, said: "But, in an action like this, under the federal statutes known as the Employers' Liability Act and the Safety Appliance Acts, proof by plaintiff of a violation of the Safety Appliance Acts, by the use of a defective coupler, and that its use was the proximate cause of the injury, makes a case of absolute liability, for the duty to furnish such appliances as are prescribed by the Acts is absolute, and not limited by the exercise of due care and diligence on the part of the carrier; and the defenses of contributory negligence and assumption of risk will not defeat recovery"—citing the case of *Delk v. St. L. & S. F. R. Co.*, 220 U. S., 580, 31 S. Ct., 617, 55 L. Ed., 590.

In the case of *Link v. Seaboard Air Line Railway Co.*, 159 S. C., 538, 156 S. E., 481, 483, Mr. Justice Stabler, for the Court, said: "It is now settled beyond controversy that the Federal Safety Appliance Act imposes upon the carrier an absolute duty to equip its cars with appliances prescribed in the Act, and to maintain such appliances in a secure condition; and the liability for failure to do so is absolute regardless of negligence on the part of the defendant or contributory negligence on the part of the plaintiff"—citing many authorities from the United States Supreme Court, other Federal Courts, and other jurisdictions.

The opinion quoted with approval the following from the case of *Armitage v. Chicago, M. & St. P. Ry. Co.*, 54 Mont.,

38, 166 P., 301: "The Act clearly requires that the carrier shall not only furnish the necessary parts of the braking apparatus, but it shall furnish them so properly adjusted and connected that the brake will be efficient in the condition in which the car is turned over to the employee. * * * As we understand the decisions in the cases above cited, the same high standard of duty is imposed upon the carrier to maintain the appliances in a secure condition as is imposed upon it to furnish the equipment in the first instance; and if this be correct—and we think it is—then there was imposed upon this defendant an absolute duty to see that the chain and rod were connected securely at all times, and its failure to do so constitutes a breach of its statutory duty."

It is patent that the order of the trial Judge, upon which is founded the judgment appealed from, is in contravention of the principles announced in these conclusive authorities.

The judgment of the Circuit Court is reversed, and the case remanded for trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.